FILED: 9/29/26
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

INGRID MOORE,
Plaintiff,

4:26-cv-1401 MJT/CLS

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant.

---

EMERGENCY COMPLAINT STATEMENT OF CIVIL RIGHTS VIOLATIONS

Plaintiff Ingrid Moore, MA, FSIR, a resident of Collin County, Texas, respectfully files this Emergency Pro Se Complaint to preserve all statutory rights under her federal EEOC Determination and Right-to-Sue Notice issued on July 1, 2026, for EEOC Charge No. 450-2024-05847. Plaintiff is a credentialed Public Sociologist, Principal Investigator, and NIH Certified Researcher who served Defendant State Farm as a P5 Tier Complex Claims Specialist under an elite 'XAQP' virtual firewall network designation from May 13, 2019, until an involuntary, retaliatory separation executed on January 24, 2024.

Plaintiff establishes a prima facie showing of intersectional discrimination, failure to accommodate, and malicious whistleblower retaliation based on the following unassailable contemporaneous business records:

1. FLSA HOURLY STATUS & ALGORITHMIC Pretext: Defendant's official Total Rewards record confirms Plaintiff was a Non-Exempt hourly employee at a base rate of $29.88/hr ($30.996144 contractually adjusted for a 38.75-hour standard weekly shift), double-coded under an incompatible Exempt salary layout of $73,435/yr. Management measured this specialized offline analytical queue using entry-level call center monitoring software (Verint Analytics), which mechanically misclassified her necessary, HR-approved ADA break schedule, database research, and deep-dive medical-bill decoding as 'idle lockout time,' algorithmically penalizing her approved restrictions.

2. THE WRITTEN MANAGEMENT CERTIFICATION: Defendant's claim that Plaintiff was separated for 'unilateral timecard fraud' is an intentional administrative fabrication. On Friday, November 10, 2023, Team Manager Logan Smith explicitly certified to Plaintiff's

work unit via email: 'Also, I reviewed time cards and made adjustments for a couple. Over all everything looks good.' This business record proves timekeeping was a fluid, manager-directed drafting process, completely erasing any legal element of willful employee deception or unilateral fraud.

3. FORENSIC AUDIT LOG FORGERY: Defendant's official administrative evidence packet contains a fraudulent audit trail log on Page 17-A. Local operations listed the contact number for their alleged corporate internal investigator, Markie Peterson, as (800) 829-1510. Public utility registries confirm this is explicitly the official Internal Revenue Service (IRS) Taxpayer Assistance Helpline, proving local management hastily pasted fake data to manufacture a retroactive paper trail.

4. ERISA SECTION 510 PENSION INTERFERENCE: Months before termination, Logan Smith explicitly polled the team on each member's exact corporate tenure. Plaintiff's contract-confirmed start date of May 13, 2019, placed her five-year pension vesting milestone on May 13, 2024. State Farm's official 'Ineligible for Pension Statement' dated February 26, 2024, admits Plaintiff accrued a monthly pension benefit of $233.04 but strips her vesting status to 0% because her involuntary termination was executed exactly 109 days before her five-year vesting milestone, proving intentional pension stripping under Hazen Paper Co. v. Biggins. Management further intercepted her earned annual Enterprise Incentive Plan (EIP) bonuses.

5. OUT-OF-BOUNDS INTIMIDATION CAMPAIGN: Plaintiff engaged in protected activity by filing a formal report with the State Farm Ethics and Compliance Line on June 29, 2023 (Client ID: 68874). Exactly 15 days later, supervisor Smith launched a punitive tracking drop-memo and executed an unmerited home surveillance check, bypassing emergency services (911) to coordinate with her residential leasing office to execute an unauthorized physical home intrusion to intimidate her. Smith further violated ADA confidentiality by directly exposing her camera-exempt status to external litigation parties in the Reid v. State Farm matter.

6. REVERSIBLE ERROR & ADMINISTRATIVE DEFAULT: Defendant State Farm completely defaulted at the TWC Appeal Tribunal (Appeal No. 3728281-1-2) by failing to appear or present a single witness under oath. Furthermore, TWC records show an internal single-document contradiction where HR Representative Scott Decoteau (CO15) simultaneously coded her separation on the exact same sheet as both non-misconduct performance and misconduct. State Farm's internal UPOINT/Alight portal dated November 30, 2021, explicitly tracks automated clinical medical settings on the backend, confirming absolute corporate acknowledgment of permanent clinical disability tracking during her active employment.

PRAYER FOR RELIEF: Plaintiff requests that this Emergency Complaint be docketed, a

summons be issued, the 'misconduct' label be expunged from her state record, and she be awarded full retroactive back-pay, front-pay, EIP bonuses, pension restoration, and punitive damages for intentional corporate malice.

Respectfully submitted,
/s/ Ingrid Moore

Ingrid Moore, MA, FSIR | Pro Se Plaintiff
PO Box 592, Frisco, TX 75034 | C: (469) 237-1137 | E: ilmoore8@gmail.com